IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| **ADAM J. WOLENSKY,** individually, and on behalf of all others similarly situated under 29 U.S.C. § 216(b),<br><br>*Plaintiff,*<br><br>v.<br><br>**GILSTRAP EXTERMINATING LLC, MELANIE P. CHAFIN-GILSTRAP, and JAMES "JAMIE" EDWARD GILSTRAP,**<br><br>*Defendants.* | Civil Action File No.<br><br>   2:22-CV-128-RWS   <br><br>**JURY TRIAL DEMANDED** |

**COLLECTIVE ACTION COMPLAINT**

Adam J. Wolensky ("Mr. Wolensky"), individually and on behalf of all others similarly situated, files this complaint against Gilstrap Exterminating LLC, Melanie P. Chafin-Gilstrap and James "Jamie" Edward Gilstrap (collectively "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

1

### I. NATURE OF SUIT

1. This is a collective action brought by Mr. Wolensky on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b) who worked as technicians for Defendants ("Class Members").

2. In 1938, Congress passed the FLSA in an attempt to eliminate low wages and long hours, and to provide American workers with a wage that would support a minimum standard of living. The purpose of the FLSA is to provide "specific minimum protections to individual workers and to ensure that each employee covered by the Act ... receive[s] '[a] fair day's pay for a fair day's work' and [is] protected from 'the evil of "overwork" as well as "underpay." *Barrentine v. Arkansas-Best Freight Sys. Inc.*, 450 U.S. 728, 739 (1981).

3. Section 207 of the FLSA prohibits employers from employing any of their employees for a workweek constituting more than forty (40) hours unless such employee receives compensation for this employment in excess of forty (40) hours per week, at a rate of not less than one and one-half (1 ½) times the regular rate at which the employee is employed. *See* 29 U.S.C. § 207(a)(1).

4. The FLSA does exempt some employees from the protections of section 207, but those exemptions do not apply to manual laborers or other "blue-collar" workers who perform work involving repetitive operations with their hands, utilizing physical skill, and necessitating energy. *See*, e.g., *Hewitt v. Helix Energy*

*Sols. Grp., Inc.*, No. 19-20023, 2021 U.S. App. LEXIS 27215, at *63 (5th Cir. Sep. 9, 2021).

5. Here, Defendants have a policy or practice of classifying blue collar workers, including Mr. Wolensky, as exempt from section 207, and requiring such workers to exceed 40 working hours per week. In doing so, Defendants failed to follow federal law, violating Section 207 with regard to each such worker.

6. Consequently, Defendants are liable to Mr. Wolensky and Class Members for one and half (1 ½) times their regular rate of pay for each hour worked in excess of forty (40) hours per week during the statutory time period plus all other statutory damages provided for under the FLSA.

7. Because there are other putative Plaintiffs who are similarly situated to Mr. Wolensky with regard to work performed and Defendants' compensation policies, Mr. Wolensky brings this action as a collective action under § 216(b) of the FLSA to recover unpaid wages, liquidated damages, attorneys' fees, and costs on behalf of himself and all others similarly situated.

8. Mr. Wolensky also brings a claim of retaliation under the FLSA for Defendants' retaliatory actions of harassing Mr. Wolensky, threatening him, and instructing him to resign if he filed this lawsuit. These actions were perpetrated in direct response to Mr. Wolensky's complaints about Defendants' illegal pay practices described herein.

## II. PARTIES

9. Mr. Wolensky is an individual who is employed by Defendants as a pest technician. Mr. Wolensky was hired by Defendants on or about June 9, 2020. At all relevant times mentioned, Mr. Wolensky was an "employee" of Defendants as defined by the FLSA. Mr. Wolensky was initially paid a salary of $35,360.00 per year, paid every other week.

10. Putative collective members are all individuals who, during the period beginning three (3) years prior to the filing of this lawsuit and terminating upon its final disposition, performed pest-control or extermination services for Gilstrap Exterminating LLC, and were not compensated at one and one-half (1 ½) times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.

11. At all times hereinafter mentioned, Mr. Wolensky and Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206, 207.

12. Defendant Gilstrap Exterminating LLC is a limited liability company formed under the laws of the State of Georgia and conducting business therein. Gilstrap Exterminating LLC may be served through its registered agent Melanie P. Chafin-Gilstrap, 3995 Toulon Ln, Cumming GA, 30040, USA.

13. Defendant James "Jamie" Edward Gilstrap ("Mr. Gilstrap") is a co-operator and manager of Gilstrap Exterminating LLC. Mr. Gilstrap is individually liable as an "employer" as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d). Mr. Gilstrap may be served with process at 3995 Toulon Ln, Cumming GA, 30040, USA.

14. Defendant Melanie Chafin-Gilstrap ("Ms. Gilstrap") is the other co-operator and manager of Gilstrap Exterminating LLC. Ms. Gilstrap is individually liable as an "employer" as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d). Ms. Gilstrap may be served with process at 3995 Toulon Ln, Cumming GA, 30040, USA.

### III.   JURISDICTION AND VENUE

15. This Court has subject-matter jurisdiction over this matter, which arises under federal law. Specifically, this Complaint asserts claims arising under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331.

16. This Court has personal jurisdiction over Defendants because Gilstrap Exterminating LLC, Mr. Gilstrap, and Ms. Gilstrap are doing business in Georgia and employing Georgia residents, including Mr. Wolensky, to work at Gilstrap Exterminating LLC locations throughout Georgia.

17. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 because a substantial part of the events, acts, or omissions giving rise to the claims asserted occurred at the Gilstrap Exterminating LLC location at 30 Industrial

Park Rd, Suite 103, Dawsonville, Georgia, 30534, which is located in the Northern District of Georgia and the Gainesville division.

## IV.   COVERAGE UNDER THE FLSA

18. At all relevant times, Defendants have each, individually and jointly, been an "employer" with respect to Mr. Wolensky and Class Members within the meaning of section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19. At all relevant times, Defendants have each, individually and jointly, acted, directly or indirectly, in the interest of an employer with respect to Mr. Wolensky and Class Members.

20. Specifically, as the managers and operators of Gilstrap Exterminating LLC, Mr. Gilstrap and Ms. Gilstrap control the day-to-day decisions of the business by making strategic, operational, and policy decisions, and by exerting operational control over Gilstrap Exterminating LLC. Moreover, Mr. Gilstrap and Ms. Gilstrap each have the power to hire and fire Gilstrap Exterminating LLC's employees, discipline employees, create and enforce employee policies, and set employee compensation. Furthermore, Mr. Gilstrap and Ms. Gilstrap are responsible for Gilstrap Exterminating LLC's decision to classify Mr. Wolensky and Class Members as exempt, in violation of the FLSA. Therefore, Mr. Gilstrap and Ms. Gilstrap are each individually liable as an employer as defined in § 3(d) of the FLSA, 29 U.S.C. § 203(d).

21. At all relevant times, Gilstrap Exterminating LLC has been an "enterprise" within the meaning of section 3(r) of the FLSA, 29 U.S.C. § 203(r), in that Gilstrap Exterminating LLC has been, through unified operation or common control, engaged in the performance of related activities for a common business purpose – namely, operating a pest control company where Mr. Wolensky and Class Members were employed to work as servers.

22. At all relevant times, Gilstrap Exterminating LLC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1). Specifically, said enterprise has had (a) employees engaged in commerce or in the production of goods for commerce, or (b) employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00.

23. At all relevant times during their employment by Defendants, Mr. Wolensky and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207. *See Reich v. Circle C. Investments, Inc.*, 998 F.2d 324, 326 - 329 (5th Cir. 1993). Specifically, as part of their employment, Mr. Wolensky and Class Members regularly handled

7

chemicals, supplies, and tools that traveled in interstate commerce and processed interstate credit card transactions.

## V.   FACTS

24.  Defendants operate a pest control business commonly known as "Gilstrap Exterminating".

25.  Gilstrap Exterminating has physical locations in Georgia including Acworth, Alpharetta, Atlanta, Blue Ridge, Dahlonega, and Dawsonville, and serves customers in North Georgia and Southern Tennessee.

26.  Via an offer letter dated June 9, 2020, Mr. Wolensky was hired effective June 24, 2020 as an Inspector Service Specialist. Mr. Wolensky's initial salary was $35,360.00 per year, payable every other week.

27.  During their employment by Defendants, Mr. Wolensky and Class Members traveled to the customers of Gilstrap Exterminating and performed pest-control services, including extermination and pest control.

28.  During the three years prior to the filing of this Complaint, Defendants employed, and continue now to employ, two or more individuals who regularly communicate across state lines using the mail and telephone while performing their job duties.

29. During the time that Mr. Wolensky and Class Members were employed by Defendants, Defendants ordered, purchased, and received parts and materials from other companies outside of the State of Georgia.

30. In each of the three years preceding the filing of this Complaint, Gilstrap's gross annual sales and business done exceeded $500,000.00 per year.

31. Mr. Wolensky and the Class Members were paid a weekly salary that was intended to cover a forty (40)-hour workweek, payable every other week.

32. Defendants did not make, keep, and preserve records indicating the hours worked by Mr. Wolensky and the Class Members.

33. Mr. Wolensky and the Class Members regularly were required to, and in fact did, work in excess of forty (40) hours in a workweek.

34. Mr. Wolensky and the Class Members were never paid compensation for hours worked in excess of forty (40) hours per workweek.

35. Defendants' practices in their payment of wages to Mr. Wolensky and Class Members in violation of the FLSA were not based on a good faith and/or reasonable belief that their conduct complied with the FLSA under 29 U.S.C. § 260. Therefore, an award of liquidated damages is mandatory.

36. Defendants' practices in their payment of wages to Mr. Wolensky and Class Members in violation of the FLSA were willful. Therefore, a three-year

statute of limitations applies due to the willful nature of the violations. 29 U.S.C. § 255(a).

37. During the three-year period prior to this suit, Defendants have employed other individuals who performed similar job duties under a similar payment scheme as was used to compensate Mr. Wolensky.

38. At all times relevant to this suit and while employed by Defendants, Mr. Wolensky and Class Members were not exempt from the maximum weekly hour requirements of the FLSA by reason of any exemption set forth in 29 U.S.C. § 213.

39. On or about June 9, 2022, counsel for Mr. Wolensky notified counsel for Defendants about representation of Mr. Wolensky, who is still employed with Defendants.

40. On or about June 20, 2022, Defendants required that Mr. Wolensky attend a meeting that lasted more than one (1) hour.

41. During the meeting, Defendants made attempts to intimidate and harass Mr. Wolensky into not filing this lawsuit, including the act of Mr. Gilstrap telling Mr. Wolensky that "if I get those papers [this Lawsuit], I want you to strongly consider resigning."

### VI. COLLECTIVE ACTION ALLEGATIONS

42. The foregoing paragraphs are fully incorporated herein.

43. Mr. Wolensky brings this FLSA claim as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) (the "Collective Action"). In addition to the claims of the individually named Plaintiff, Mr. Wolensky, Plaintiff Wolensky brings this action as a representative of all similarly situated former and current technicians who worked for Defendants. The proposed collective of similarly situated workers ("Class Members") sought to be certified pursuant to 29 U.S.C. § 216(b), is defined as:

> **All individuals who, during the three (3) year period preceding the filing of this lawsuit through the final disposition of this matter, performed pest control or extermination services for Gilstrap Exterminating LLC and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

44. FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

45. Mr. Wolensky is aware of other employees of Defendants who performed pest-control or exterminating services and were not paid overtime when due.

46. Mr. Wolensky and Class Members have the same pay structure, have the same or similar job duties, and were improperly excluded from payment of overtime wages. Mr. Wolensky and Class Members are all victims of Defendants' unlawful compensation scheme.

47. Defendants systematically failed to pay overtime compensation as a general policy or practice.

48. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The Class Members' claims arise from a common nucleus of facts.

**COUNT ONE – FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FLSA**

49. The foregoing paragraphs are fully incorporated herein.

50. Mr. Wolensky and the Class Members worked in excess of forty (40) hours per week in at least one workweek in the three years preceding this action without receiving overtime compensation.

51. Defendants' failure to pay Mr. Wolensky and Class Members at the statutory rate of one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) hours each workweek is a violation of the FLSA. *See* 26 U.S.C. § 207.

52. Defendants' failure to maintain proper time records for Mr. Wolensky and Class Members is a violation of the FLSA. *See* 26 U.S.C. § 207.

53. Defendants' failure to properly compensate Mr. Wolensky and Class Members was willful and/or manifested a reckless disregard for the provisions of the FLSA.

54. As a result of Defendants' violations of the FLSA, Mr. Wolensky and the Class Members are entitled to an award from Defendants, severally and jointly, of the full amount of wages improperly withheld by the Defendants in an amount to be proven at trial, liquidated damages available by law, and reasonable attorneys' fees and expenses pursuant to 29 U.S.C. § 216(b).

## COUNT TWO – RETALIATION IN VIOLATION OF THE FLSA, 29 U.S.C. §§ 215 and 218c
**(On behalf of Plaintiff Wolensky Only)**

55. The foregoing paragraphs are fully incorporated herein.

56. Plaintiff objected to and complained about Defendants' illegal pay practices.

57. Plaintiff obtained counsel to represent him related to Defendants' illegal pay practices, and counsel for Plaintiff notified Defendants of representation of Plaintiff.

58. In response, Defendants retaliated against Plaintiff by harassing and threatening Plaintiff during a meeting, including encouraging Plaintiff to tender his resignation if he filed this lawsuit.

59. Defendants' harassing and intimidating treatment of Plaintiff is unlawful retaliation under the FLSA.

60. Plaintiff is entitled to any and all compensatory damages, liquidated damages, attorneys' fees, and expenses in accordance with 29 U.S.C. § 216(b), as

well an injunctive relief to prevent Defendants from ongoing or future retaliation that violates the FLSA.

## PRAYER FOR RELIEF

Mr. Wolensky and Class Members pray for entry of judgment against Gilstrap Exterminating LLC, Mr. Gilstrap, and Ms. Gilstrap, jointly and severally, as follows:

(a) That process issue and the Defendants be served according to law;

(b) That an order be entered declaring this action to be a collective action properly maintained under 29 U.S.C. § 216(b), that Mr. Wolensky be designated as representative of the other similarly situated employees who consent to join this collective action, and that their counsel of record be designated as the FLSA Collective Counsel;

(c) That Plaintiff and any Class Members be granted a trial by jury;

(d) That Defendants be found to have willfully and intentionally violated the Fair Labor Standards Act;

(e) That judgment be entered in favor of Plaintiff and any Class Members for three (3) years of back-owed regular and overtime wages;

(f) That Defendants be found to have retaliated against Plaintiff for protected activity under the FLSA;

(g) That judgment be entered in favor of Plaintiff for any compensatory damages for Defendants' retaliation against Plaintiff in violation of the FLSA;

(h) That Plaintiff and any Class Members be awarded pre-judgment interest;

(i) That liquidated damages be awarded to Plaintiff and any Class Members in an amount equal to their unpaid wages;

(j) That Plaintiff and any Class Members recover their attorneys' fees, costs, and expenses of litigation pursuant to 29 U.S.C. § 216(b); and

(k) Such other and further relief as this Court deems just and proper.

Respectfully submitted, this thirtieth (30th) day of June, 2022.

BRISKIN, CROSS & SANFORD, LLC

By: **R. Kyle Paske**
Georgia Bar No. 922482
*Counsel for Plaintiff*
Email: kpaske@briskinlaw.com
33 South Main Street, Suite 300
Alpharetta, Georgia 30009
Telephone: 770-410-1555
Fax: 770-410-3281

PARKS, CHESIN & WALBERT, P.C.

By: **J. Daniel Cole**
Georgia Bar No. 450675
*Counsel for Plaintiff*
Email: dcole@pcwlawfirm.com

75 Fourteenth Street, 26th Floor
Atlanta, Georgia 30309
Telephone: 404-873-8000